## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**FEDERAL DEPOSIT INSURANCE**
**CORPORATION, as Receiver for**
**Silverton Bank, N.A.,**

     **Plaintiff,**

**vs.**                          **CIVIL ACTION NO.**    **_____**

**WILLIAM A. CARRUTH, JR.**
**and LAURA A. CARRUTH,**

     **Defendants.**

## COMPLAINT FOR BREACH OF NOTE

Plaintiff Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Silverton Bank, N.A. ("Bank"), states its complaint against the Defendants as follows:

## I. INTRODUCTION

1.  The FDIC brings this action in its receivership capacity against the aforesaid Defendants for breach of note.

## II. JURISDICTION AND VENUE

2.  This court has subject matter jurisdiction for this action pursuant to 12

U.S.C. § 1811 et seq.; 12 U.S.C. §§ 1819(b)(1), (2)(A); and 28 U.S.C. §§ 1331, 1345.   The FDIC is a corporation organized and existing under the laws of the United States of America, and actions to which the FDIC is a party are deemed to arise under the laws of the United States.

4.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all or substantially all of the acts charged herein occurred in this district, and the claims arose in this district.

### III. PARTIES

4.   The FDIC is a corporation organized and existing under the laws of the United States of America, with its principal place of business in Washington, D.C. The FDIC appears in this matter in its receivership capacity as receiver for the Bank, which was insured by the FDIC and formerly located at 3284 Northside Parkway, NE, Atlanta, Georgia 30327.   Under 12 U.S.C. §§ 1821(d)(2)(A) and 1823(d)(3)(A), the FDIC has, among other powers, all rights, titles, powers and privileges of the insured depository institution, and of account holders, depositors and stockholders with respect to the institution and its assets.

5.   On information and belief, Defendant William A. Carruth, Jr. is a resident citizen of the State of Georgia residing at 1400 Paul Aiken Road, Paulding County, Dallas, Georgia 30157.

6.   On information and belief, Defendant Laura A. Carruth is a resident citizen of the State of Georgia residing at 1400 Paul Aiken Road, Paulding County, Dallas, Georgia 30157.

## IV. <u>BACKGROUND</u>

7.   On or about November 26, 2007, Defendants jointly executed and delivered to The Bankers Bank, National Association ("Bankers Bank"), that certain *Promissory Note* ("Note") in the principal amount of One Million Nine Hundred Fifty Thousand and 00/100 Dollars ($1,950,000.00) ("Principal Amount").  A true and correct copy of the Note, as described herein, is attached hereto as **<u>Exhibit "A"</u>** and by this reference fully incorporated herein and made a part hereof.

8.   Effective January 1, 2008, the title of Bankers Bank was changed to "Silverton Bank, National Association" as evidenced by that certain *Certificate* ("Certificate") issued by the Comptroller of the Currency Administrator of National Banks on January 17, 2008.  A true and correct copy of the Certificate is attached hereto as **<u>Exhibit "B"</u>** and by this reference fully incorporated herein and made a part hereof.

9.   On May 1, 2009, the FDIC was appointed and authorized by the United States of America, Office of the Comptroller of the Currency, Washington, D.C.,

to act as receiver for the Bank pursuant to that certain *Receivership Determination and Appointment of Receiver* ("Appointment").  On even date therewith, the FDIC accepted said Appointment as evidenced by that certain *Acceptance of Appointment as Receiver* letter ("Acceptance Letter").  Notice of said Appointment was published in the Federal Register on January 27, 2010, Volume 75, No. 17, Pages 4391-4394 ("Notice").  Said Appointment, Acceptance Letter and Notice are collectively, hereinafter, and at times, referred to as the "Receiver Documents".  A true and correct copy of the Receiver Documents, as described herein, are attached hereto as **Exhibit "C"** and by this reference fully incorporated herein and made a part hereof.

## V. CAUSES OF ACTION

**A.** **Count 1 – Breach of Note.**

10.  FDIC incorporates by reference each of the allegations in paragraph 1 through 9 of this complaint.

11.  Defendants are obligated to pay to the FDIC, pursuant to the Note, the Principal Amount, together with all accrued unpaid interest, as more particularly described therein, in one payment ("Principal Payment"), on or before December 26, 2009, the date of maturity.

12. Defendants are also obligated to pay to the FDIC, pursuant to the Note, regular monthly payments of all accrued unpaid interest due as of each payment date, beginning December 26, 2007, with all subsequent interest payments to be due on the same day of each month thereafter ("Monthly Interest Payments").

13. Defendants are also obligated to pay to the FDIC, pursuant to the Note, a late charge in the amount of One Hundred and 00/100 Dollars ($100.00) if a payment was fifteen (15) days or more late ("Late Charges").

14. Defendants are also obligated to pay to the FDIC, pursuant to the Note, interest on the Principal Amount at that certain Variable Interest Rate, as adjusted from time to time ("Variable Interest").

15. Upon Default, as defined in the Note, Defendants are also obligated to pay to the FDIC, pursuant to the Note, interest on unpaid balances at that certain rate of Interest After Default, as adjusted from time to time ("Default Interest").

16. Defendants have defaulted in the payment of the indebtedness evidenced by the Note by failing to pay to the FDIC the Principal Payment, Monthly Interest Payments, Late Charges, Variable Interest, Default Interest and other amounts due and owing under the Note.

17. Defendants owe the FDIC, as of September 16, 2011, the sum of $2,044,923.36 ("Default Amount"), which consists of the unpaid Principal Amount

in the amount of $1,753,000.37, *plus* unpaid and accrued interest, calculated at the Variable Interest Rate, in the amount of $125,016.13, *plus* unpaid and accrued interest, calculated at the Interest After Default rate, in the amount of $160,655.86, *plus* Late Charges in the amount of $1,000.00 *plus* Expenses, as more particularly defined in Paragraph 22 below, in the amount of $5,251.00.

**B.** **Count 2 – Attorneys' Fees and Expenses**

18.   FDIC incorporates by reference each of the allegations in paragraph 1 through 17 of this complaint.

19.   Pursuant to the Note, and O.C.G.A. § 13-1-11, Defendants owe the FDIC, in addition to any other amounts described above, fifteen percent (15%) of the unpaid balance as attorneys' fees ("Attorneys' Fees"), if any sums owing under the Note are collected by or through an attorney at law.

20.   By letter dated October 14, 2011 and sent by U.S. certified mail, return receipt requested, the FDIC sent notice to Defendants of their default and, in accordance with the provisions of O.C.G.A. § 13-1-11, of its intention to enforce the provisions in the Note relative to the payment of statutory attorneys' fees, in addition to the then default amount ("Notice and Demand Letter").  A true and correct copy of the Notice and Demand Letter is attached hereto as **Exhibit "D"** and by this reference fully incorporated herein and made a part hereof.

21. Defendants failed to pay the Default Amount as demanded in the Notice and Demand Letter within ten (10) days of Defendants' receipt of said Letter on October 17, 2011. Copies of the United States Certified Mail Domestic Return Receipt and the United States Postal Services' Track & Confirm web page, bearing Article Number 7011 0110 0001 0456 8469, addressed to the Defendants, and received by Defendant Laura A. Carruth on October 17, 2011, are attached hereto, marked **Exhibit "E"** and by this reference fully incorporated herein and made a part hereof. Copies of the United States Certified Mail Domestic Return Receipt and the United States Postal Services' Track & Confirm web page, bearing Article Number 7011 0110 0001 0456 8452, addressed to the Defendants, and received by Defendant William A. Carruth on October 20, 2011, are attached hereto, marked **Exhibit "F"** and by this reference fully incorporated herein and made a part hereof.

22. As included in the Default Amount in Paragraph 17 above, Defendants also owe the FDIC, its costs of collection, as of September 16, 2011, including, but not limited to, processing/releasing fees in the amount of $50.00, protective advance fees in the amount of $200.00, miscellaneous servicer fees in the amount of $550.00, special servicing fees in the amount of $3,901.00, asset search fees in

the amount of $550.00, court costs, costs of service, and all other sums provided by law (collectively, "Expenses").

## VI. <u>RELIEF REQUESTED</u>

23.   On Counts 1 and 2, the FDIC prays for judgment against Defendants, jointly and severally, as follows:

a.     The sum of the Default Amount, as specified herein, and as calculated under the Note, from September 16, 2011 through the date of judgment; and

b.     Attorneys' fees as authorized by the Note and/or O.C.G.A. § 13-1-11;

c.     Expenses, as specified herein, from September 16, 2011 through the date of judgment; and

d.     Other relief as the Court deems just and equitable in the circumstances.

## <u>CERTIFICATION PURSUANT TO LOCAL RULES</u>

Pursuant to the Local Rules this certifies that this document was prepared using the Times New Roman font in 14 point.  Said font and point selections are approved by L.R.5.1.

Respectfully submitted,


By: /s/ James E. Friese
Stephanie Friese Aron, Esq.
Georgia State Bar No. 278975
James E. Friese, Esq.
Georgia State Bar No. 277975
FRIESE LEGAL, LLC
1100 Spring Street NW, Suite 730
Atlanta, Georgia 30309
(404) 876 4880 (Telephone)
(404) 876 4757 (Facsimile)
stephanie@frieselegal.com
james@frieselegal.com
Attorneys for Plaintiff